1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| WILLIAM KENNERSON, | Civil No.   13-CV-0157-GPC (WMc) |
| Petitioner, | |
| | **ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY** |
| vs. | |
| WILLIAM KNIPP, Warden, | |
| Respondent. | |

11
12
13
14
15
16

17        Petitioner William Kennerson ("Petitioner"), a state prisoner proceeding *in forma*

18  *pauperis* and *in pro per*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C.

19  § 2254. (Dkt. No. 1.)   Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge William

20  McCurine, Jr. filed a report and recommendation ("Report") recommending that the

21  petition be denied in its entirety. (Dkt. No. 21.) Petitioner filed objections to the report

22  and recommendation on July 22, 2013. (Dkt. No. 22.)   After a thorough review of the

23  issues, the documents presented, and objections filed, the Court **ADOPTS** the

24  Magistrate Judge's report and recommendation and **DENIES** the petition for writ of

25  habeas corpus.  The Court also **DENIES** a certificate of appealability.

26  ///
27
28

1

**Procedural Background**

On July 18, 2008, a jury found Petitioner guilty of four counts of committing a lewd act upon a child in violation of California Penal Code section 288(a) and three counts of committing a forcible lewd act upon a child in violation of California Penal Code section 288(b)(1). In addition, the jury found true that: (1) Petitioner committed the offenses against more than one victim; and (2) Petitioner had substantial sexual conduct with a child under fourteen years of age. (Resp't Lodgment No. 1, ECF No. 13-3 at 131-137.) On October 30, 2008, Petitioner was sentenced to a term of 45 years to life plus 12 years in state prison. (Resp't Lodgment No. 1, ECF 13-3 at 140-141.)

Petitioner appealed his conviction to the California Court of Appeal claiming: (1) his due process rights were violated by the trial court's denial of his request for a continuance to recall witnesses; (2) the trial court's failure to give a jury instruction sua sponte on child sexual abuse accommodation syndrom constituted error; (3) the trial court erred in granting the jury's request to view a videotaped interview during deliberations; and (4) the trial court erred when it precluded Petitioner from cross examining the victim of an uncharged offense about her mental state at the time of an investigative interview. (Resp't Lodgment No. 3, ECF 13-18.) On June 10, 2011, the appellate court affirmed Petitioner's conviction in a reasoned opinion. (Resp't Lodgment No. 6, ECF 13-21.)

On July 20, 2010 Petitioner filed a petition for review with the California Supreme Court, raising claims one, two and four above, which were raised in the court of appeal. (Resp't Lodgment No. 7, ECF 13-22.) The California Supreme Court denied the petition without comment or citation on September 22, 2010. (Resp't Lodgment No 8, ECF 13-23.)

On August 1, 2011, Petitioner filed a Petition for Writ of Habeas Corpus in the California Superior Court, County of San Diego, East County Division, claiming ineffective assistance of appellate counsel for failure to raise the following issues on

2

appeal: (1) ineffective assistance of trial counsel for failure to object to the filing of a second amended information on the day of trial; (2) ineffective assistance of trial counsel for failure to request CALCRIM jury instruction 1192 and/or 1193; (3) trial court error for failure to compel the production of witnesses Socorro and Christian; and (4) failure to prove all the elements of count five of the second amended information. (Resp't Lodgment No. 9, ECF 13-24.) On September 30, 2011, the state superior court denied the Petition in a reasoned decision. (Resp't Lodgment No. 10, ECF 13-25.)

On November 11, 2011, Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal, raising the same claims made in his previous state habeas petitions filed on August 1, 2011. (Resp't Lodgment No 13 ECF 13-28.) On December 6, 2011, the Court of Appeal denied the Petition in a written decision. (Resp't Lodgment No. 12 ECF 13-27. )

On February 16, 2012, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court, and raised the same claims made in his previous state habeas petitions filed on August 1, 2011 and November 11, 2011. (Resp't Lodgment No. 13, ECF 13-28.) The California Supreme Court denied the Petition without comment or citation on June 13, 2012. (Resp't Lodgment No. 14, ECF 13-29.)

On August 6, 2012, Petitioner filed another Petition for Writ of Habeas Corpus in the California Supreme Court, and raised the same claims made in his previous state habeas petitions filed on August 1, 2011; November 11, 2011 and February 16, 2012. (Resp't Lodgment No. 15, ECF 13-30.) The California Supreme Court denied the Petition on October 24, 2012, citing to In re Clark, 5 Cal. 4th 750, 767-69 (1993). (Resp't Lodgment No. 16, ECF 13-31.)

On November 28, 2012, Petitioner filed the instant petition for writ of habeas corpus in this Court alleging his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution were violated because appellate counsel rendered ineffective assistance by failing to raise three points in the appellate briefing.

3

(Dkt. No. 1.) Petitioner also requested an evidentiary hearing in support of his ineffective assistance of appellate counsel claims. (Dkt. No. 1.)

On June 25, 2013, Magistrate Judge William McCurine, Jr. issued a report and recommendation denying the Petition. (Dkt. No. 21.) On July 22, 2013, Petitioner filed an Objection to the Report and Recommendation. (Dkt. No. 22.)

## Factual Background

The following factual background is taken from the unpublished appellate court opinion affirming Petitioner's conviction on direct review. The Court presumes these factual determinations are correct pursuant to 28 U.S.C. § 2254(e)(1). Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. Id.; see also Parke v. Raley, 506 U.S. 20, 35-36 (1992) (holding findings of historical fact, including inferences properly drawn from such facts, are entitled to statutory presumption of correctness).

A.   *Christian*

In 1999, when Christian was 11 or 12 years old, her mother began dating Kennerson. At that point in time, Christian, her mother and her brother lived in an apartment in El Cajon. Later in 1999, Christian, her mother and her brother moved into Kennerson's Jamul home. Kennerson molested Christian both when her family was living in the apartment in El Cajon and later when they moved into his home.

On one occasion, Kennerson forced Christian to rub her hand up and down on his penis while her brother and mother were in the house. Christian did not report the assault to her mother because she was frightened. On another occasion, Kennerson forcibly sodomized Christian. While he was sodomizing Christian, Kennerson put his hand over her mouth to muffle her screams. Christian's brother knocked on the door and asked if everything was alright; Kennerson responded that he was helping Christian. Kennerson told Christian that if she told anyone he would do it again and hurt her family.

When the family was living in Kennerson's home, Christian's mother noticed Kennerson coming from Christian's room and that Christian was terrified of sleeping alone. She became suspicious and moved out of the home three months after moving into it.

In 2002, after her mother's relationship with Kennerson had ended, Christian told her mother about the molestations and they both

reported the incidents to the police.

B.     *Carla*

After Kennerson's relationship with Christian's mother ended, he met another woman, Leticia. Kennerson married Leticia in 2002 and she and her five-or six-year-old daughter Carla moved into his home. Between 2003 and 2004 Kennerson molested Carla. He touched her breasts and vagina over her clothes.

Carla reported the molestations to her mother when she was eight and after she learned Kennerson was not her biological father. Leticia was not sure Carla was being truthful because previously Carla had made false accusations about an uncle.

Carla met with a social worker in 2006 and a videotaped forensic interview was conducted. Initially in the interview, Carla reported that yet another uncle had molested her and her cousin and denied that any other molestation had occurred. However, later in the interview, Carla described how Kennerson had molested her.

C.     *Nancy*

About 10 years before Kennerson molested Christian and Carla, Kennerson began molesting an 11- or 12-year-old girl Nancy, who, along with her mother, lived in Kennerson's home. Kennerson rubbed Nancy's breasts over her nightgown when she was lying down or sleeping. One time when she was 17-years-old, Nancy woke up and Kennerson was digitally penetrating her vagina. Nancy told her mother about the molestations when she was 17.

(Lodgment No. 6, ECF No. 13-22; <u>People v. Kennerson</u>, D054115, Slip Op. at 2-3.)

## Discussion

**A.     Scope of Review of Magistrate Judge's Report and Recommendation**

The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1); <u>see also</u> Fed. R. Civ. P. 72(b).  A district court may adopt those parts of a Magistrate Judge's report to which no specific objection is made, provided they are not clearly erroneous.  <u>Thomas v. Arn</u>, 474 U.S. 140, 152-53 (1985).

Petitioner does not provide specific objections to Ground Two.  If no specific objections are made, the district court may adopt those parts of a Magistrate Judge's

report provided they are not clearly erroneous.  See Thomas, 474 U.S. at 152-53.  After a review of the report and recommendation and finding the Magistrate Judge's conclusion not clearly erroneous, the Court ADOPTS the report and recommendation and DENIES the petition for writ of habeas corpus as to Ground Two.

Petitioner filed specific objections as to Grounds One and Three A, B and C. Therefore, the Court will conduct a de novo review of these claims.

**B.    Ineffective Assistance of Counsel ("IAC")**

A defendant claiming IAC must show both (1) deficient performance under an objective standard of reasonableness and (2) prejudice.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To demonstrate deficient performance, "[t]he challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' " Harrington v. Richter, 131 S. Ct. 770, 787 (2011) (quoting Strickland, 466 U.S. at 687).   To demonstrate prejudice, the petitioner must show that "but for counsel's unprofessional errors," there is a reasonable probability "the result of the proceeding would have been different."  Strickland, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome"); see Richter, 131 S.Ct. at 792 ("The likelihood of a different result must be substantial, not just conceivable"). "Because failure to meet either [Strickland]  prong is fatal to [an IAC] claim, there is no requirement that we 'address both components of the inquiry if the defendant makes an insufficient showing on one.' "  Gonzalez v. Wong, 667 F.3d 965, 987 (9th Cir. 2011) (quoting Strickland, 466 U.S. at 697); see Bell v. Cone, 535 U.S. 685, 695 (2002) ("Without proof of both deficient performance and prejudice to the defense . . . the sentence or conviction should stand") (citation omitted).

Reviewing courts must apply a "strong presumption" that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see Cullen v. Pinholster, 131 S.Ct. 1388, 1400-01 (2011) (courts must give

6

1   "attorneys the benefit of the doubt" for proceeding as they did).

2        "[I]t is not enough to convince a federal habeas court that, in its independent

3   judgment, the state court decision applied <u>Strickland</u> incorrectly." <u>Ortiz-Sandoval v.</u>

4   <u>Clarke</u>, 323 F.3d 1165, 1172 (9th Cir. 2003) (quoting <u>Bell</u>, 535 U.S. at 699). "[E]ven

5   a strong case for relief does not mean the state court's contrary conclusion was

6   unreasonable." <u>Richter</u>, 131 S.Ct. at 786. The issue under AEDPA is whether the state

7   court's application of the <u>Strickland</u> standard was unreasonable, not just whether

8   defense counsel's performance fell below an objective standard of reasonableness. <u>Id.</u>

9   at 785 (Federal habeas courts must ask "whether there is any reasonable argument that

10  counsel satisfied <u>Strickland's</u> deferential standard," not "whether counsel's actions were

11  unreasonable").

12       Petitioner contends he was denied his Sixth and Fourteenth Amendment right to

13  the effective assistance of counsel because his appellate counsel did not raise the

14  following issues on appeal.

15       **1)**     **Ground One - Trial Counsel's Failure to Object to the Second**

16              **Amended Information**

17       Petitioner complains his appellate counsel did not raise trial counsel's failure to

18  object to the second amended complaint, which allegedly contained different offense

19  dates than those identified in the first amended complaint. (Pet. Mem., ECF No. 1 at

20  31; Traverse, ECF No. 19 at 6-7.)

21       Respondent contends California law gives the state court authority to allow an

22  amendment to the complaint at any time during the proceedings to correct an

23  insufficiency as long as the amendment occurs before the issuance of a verdict or

24  judgment. (Ans. Mem., ECF No. 12-1 at 12:21-28.)  Respondent further argues the

25  amended complaint was proper and did not prejudice Petitioner's defense because it

26  merely reflected a correction in the dates of the offense at issue.  Therefore, appellate

27  counsel was not ineffective for failing to raise a meritless issue. <u>Id.</u> at 13:11-15.

28                                    7

The magistrate judge concluded Petitioner was unable to demonstrate that his appellate counsel rendered constitutionally ineffective assistance by failing to present a meritless claim on appeal.  The judge found the amendment was permissible under California law because the complaint did not change the perpetrator, the victims or the crimes alleged. Therefore, the appellate counsel's decision not to raise the claim was not ineffective and recommended this claim be denied.  (ECF No. 21 at 10.)

In his objection, Petitioner argues the amendment to the first amended complaint broadened the basis of conviction and violated his Fifth, Sixth, and Fourteenth Amendment due process rights. (ECF No. 22 at 3.) He further argues that section 1009 of the California Penal Code does not allow amendment to a complaint unless the evidence was taken at the Preliminary Examination. (ECF No. 22 at 5.)

Petitioner is unable to demonstrate that his appellate counsel rendered ineffective assistance by failing to bring up this claim on appeal.  Section 1009 of the California Penal Code

> [a]uthorizes amendment of an information at any stage of the proceedings provided the amendment does not change the offense charged in the original information to one not shown by the evidence taken at the preliminary examination...Moreover, a trial court correctly exercises its discretion by allowing an amendment of an information to properly state the offense at the conclusion of the trial.  Similarly, where the amendment makes no substantial change in the offense charged and requires no additional preparation or evidence to meet the change, the denial of a continuance is justified and proper.

People v. Winters, 221 Cal. App. 3d 997, 1003 (1990).

The amendment, which Petitioner complains broadened the basis of conviction, only changed the date of the conviction at issue not the crime alleged, victims, or perpetrator.  Therefore this amendment was permissible under California law and appellate counsel's decision not to raise this meritless argument was not deficient.  See Miller v. Keeney, 882 F. 2d 1428, 1434 (1989); see also Smith v. Stewart, 140 F.3d 1263, 1274 n. 4 (9th Cir. 1998) (explaining counsel is not under an obligation to file "kitchen-sink briefs" on appeal.)

In addition, Petitioner has not shown he was prejudiced by appellate counsel's failure to present the claim on appeal because the difference between the dates of crimes identified in the first and second amended complaints had no effect on the defense of the case against Petitioner.  In sum, no additional preparation or evidence was needed to present a defense.  The variance in time frames between the amended complaints was immaterial to Petitioner's defense, which was that he did not molest Christian, Carla and Nancy.

The Court finds the state court's adjudication of this claim did not involve an unreasonable application of clearly established federal law. See Strickland, 466 U.S. at 687. Accordingly, the Court DENIES the petition for writ of habeas corpus as to Ground One.

**2) Ground Three A - Prosecution's Failure to Produce Juvenile, School and Custody Records for Victim Christian**

Petitioner complains his appellate counsel should have raised the issue of the prosecution's failure to produce various exculpatory juvenile records, school records, and custody records for victim Christian which may have revealed false molestation allegations made by Christian against other men. (Pet. Mem., ECF No. 1 at 32). Respondent argues Petitioner's appellate counsel did raise this issue on appeal and the California Court of Appeals rejected his claim. (Ans. Mem., ECF 12-1 at 16.) However, after reviewing the Lodgments of the State Court record and the magistrate judge's report and recommendation, it is clear that this claim was not brought up on appeal and therefore, this Court will review the claim de novo. (Resp't Lodgment No. 13, ECF 13-21.)

The magistrate judge concluded Petitioner's Brady[1] claim, of being denied exculpatory records, failed because he did not prove the first element of a Brady

---

[1]  Brady v. Maryland, 373 U.S. 83, 87 (1963).

9

violation; namely that Christian's juvenile, school, and custody records were materially exculpatory or impeaching. The judge further found the school record at issue, which suggested Christian's involvement in some kind of court proceeding in 2004, was immaterial to the issue of Petitioner's molestation of Christian in 1999 and 2001 and would not have changed the result of the proceeding given Christian's direct testimony against Petitioner. Petitioner also failed to present evidence to demonstrate how the school records would have "put the case in such a different light as to undermine confidence in the verdict." See Kyles v. Whitley, 514 U.S. 419, 433-35 (1995). The judge further found that Petitioner's appellate counsel was not ineffective for failing to raise this issue because the issue was without merit. (ECF No. 21 at 15-17.)

In his objection, Petitioner argues his Brady claims are "materially exculpatory impeaching" and would show that the alleged incident of molestation would have been outside of the time line charged. (ECF No. 22 at 15.)

Due process requires the prosecution to disclose exculpatory evidence within its possession. Brady v. Maryland, 373 U.S. 83, 87 (1963); Towery v. Schriro, 641 F.3d 300, 309 (9th Cir. 2010). In Brady, the Supreme Court held "suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material to either guilt or punishment, irrespective of good faith or bad faith of the prosecution." 373 U.S. at 87. Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. United States v. Bagley, 473 U.S. 667, 682 (1985). A "'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Id. Accordingly, in order to establish a Brady violation, petitioner must show the material exculpatory or impeaching evidence was suppressed by the state, either wilfully or inadvertently, resulting in prejudice. Stickler v. Greene, 527 U.S. 263, 281-82 (1999); Morris v. Ylst, 447 F.3d 735, 743 (9th Cir. 2006).

Petitioner's Brady claim fails because he has not proven that Christian's juvenile,

10

school and custody records were materially exculpatory or impeaching, and has thus, not proven the first element in a <u>Brady</u> claim. Petitioner wanted to cross-examine Christian's mother with respect to a 2004 written statement she had given school officials explaining Christian's long absence from school. In the 2004 statement, Christian's mother stated Christian had been a victim in an on-going trial. Because the complaint in Petitioner's case was not filed until 2007, his trial counsel wanted to know whether the statement referred to another alleged molestation or otherwise undermined Christian's credibility. The trial court, however, determined the school record was insufficient to warrant further investigation or a continuance of the trial to attempt impeachment on cross-examination. The court found the possible inconsistency was "peripheral matters" that did not bear on whether Christian was molested years earlier. (Resp't Lodgment 2, ECF No. 13-14 at 114.)

Thus, Petitioner has failed to establish the materiality element of a <u>Brady</u> violation. The school record at issue, which suggested Christian's involvement in come kind of court proceeding in 2004, was immaterial to the issue of Petitioner's molestation of Christian in 1999 and 2001 and would not have changed the result in the proceeding given Christian's direct testimony against Petitioner. Petitioner has presented no additional evidence to prove the materiality of the alleged <u>Brady</u> violation apart from stating the records would have shown the incident was outside of the time line charged. However, the 2004 school record does not bear on the 1999 and 2001 molestations because the records are five to three years after the molestation. In addition, Petitioner has not shown he was prejudiced by appellate counsel's failure to present the claim on appeal because such a claim is without merit.

The Court finds Petitioner cannot demonstrate his appellate counsel failed to raise a meritorious issue and therefore fell below an objective standard of reasonableness. <u>See</u> <u>Strickland</u>, 466 U.S. at 691. Accordingly, the Court DENIES the petition for writ of habeas corpus as to Ground Three A.

**3) Ground Three B - Trial Court's Preclusion of the Cross-Examination of Witness Nancy Spencer**

Petitioner complains that his appellate counsel failed to raise the issue of the trial court's preclusion of the cross-examination of witness Nancy Spencer regarding her mental condition.  (Pet. Mem., ECF No. 1 at 32). Respondent argues Petitioner's appellate counsel did raise this issue on appeal and the California Court of Appeals rejected his claim. (Ans. Mem., ECF 12-1 at 16.)

The magistrate judge concluded that Petitioner's appellate counsel raised the issue of the trial court's preclusion of the cross-examination of witness Nancy Spencer regarding her mental condition.  The judge reviewed the state court record and confirmed the issue was raised on direct appeal by Petitioner's appellate counsel. Furthermore, the issue was considered and addressed by the appellate court in its unpublished written opinion filed June 10, 2010.  Accordingly, the judge recommended this issue be denied.

In his objection, Petitioner seems to argue that the appellate court came to an unreasonable determination based on the facts of this issue which was contrary to federal law. (ECF No. 22 at 15.)  However, this objection brings up an issue that  was not a claim made by Petitioner in his original complaint.  Petitioner does not address the issue of whether he received ineffective assistance of counsel.  Even if he did make an objection that the appellate court made an unreasonable determination based on the facts of this issue, his objection would be without merit because the appellate court's decision was not contrary to, or involved an unreasonable application of, clearly established federal law.  See 28 U.S.C. § 2254(d).  The appellate court found no error in precluding the cross-examination of witness Nancy Spencer as to her mental state and hospital stay at the time she reported the molestations in 2002. (Id.) The appellate court found that Nancy's mental state and hospital stay was not relevant to the issues presented at trial. (Id.)  The court determined that although her mental state and

hospital stay might be relevant to attack Nancy's credibility, any relevance was far outweighed by the invasion of privacy that the examination would entail and that the issue was purely collateral. (Id.)   Under federal law, the "trial judges retain wide latitude...to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). After reviewing the appellate court decision this Court determines that the appellate court properly found that the limit on the cross-examination of Nancy Spencer was not contrary to, or involved an unreasonable application of, clearly established federal law because it prevented harassment of the witness over an irrelevant, collateral issue. Therefore, petitioner's objection, even if brought up in his original claim, is without merit.

Accordingly, the Court DENIES the petition for writ of habeas corpus as to Ground Three B.

**4)  Ground Three C - Trial Court's Allowance of and Prosecution's Use of Alleged "False Testimony"**

Petitioner complains the trial court and the prosecution colluded to present false evidence or suppress exculpatory evidence at trial.  Petitioner contends appellate counsel should have raised the introduction of victim Carla's unreliable videotaped interview into evidence, on appeal. (Pet. Mem., ECF No. 1 at 27, 32-33; Traverse, ECF No. 19 at 8-10.) Specifically, Petitioner claims the videotaped interview was unreliable because earlier interviews Carla had with the National City Police Department and Child Protective Services were not videotaped. (Pet., ECF No. 1 at 33.)   Respondent argues the reliability of Carla's videotaped interview is not a meritorious issue; thus Petitioner's appellate counsel had no obligation to raise it on appeal. (Ans. Mem., ECF 12-1 at 16:8-16.)

The magistrate judge concluded the admission of Carla's videotaped interview

did not violate the Constitution's confrontation requirement because Petitioner had the opportunity to cross-examine Carla. The judge further found there was no evidence in the record to demonstrate Carla's videotaped interview was unreliable.  The court found that since there was no constitutional violation and no evidence that the videotape was unreliable, appellate counsel's failure to raise the argument on appeal did not constitute ineffective assistance and recommended that this claim be denied. (ECF No. 21 at 21-22.)

In his objection, Petitioner argues that he was denied a full and unrestrained cross-examination of the original interviews of Carla in June, July, and August 2006. He also argues that there is evidence in the record to demonstrate Carla's videotaped interview was unreliable. (ECF No. 22 at 16.)

Under federal law, a state court's evidentiary ruling is not subject to federal habeas review unless the ruling violates federal law by infringing upon a specific constitutional or federal statutory provision or by depriving the defendant of a fair trial guaranteed by due process. See Pulley v. Harris, 465 U.S. 37, 41 (1984); Jammal v. Van de Kamp, 926 F.2d 918, 919-20 (9th Cir. 1991). Accordingly, a federal court cannot disturb a state court's decision to admit evidence on due process grounds unless the admission of the evidence was arbitrary or so prejudicial as to render the trial fundamentally unfair. See Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir. 1995); Colley v. Summer, 784 F.2d 984, 990 (9th Cir. 1986).

Specifically, Petitioner must demonstrate the evidentiary error at issue was constitutional in dimension and was not harmless under Brecht v. Abrahamson, 507 U.S. 619 (1993).  The court must find that the error has "'a substantial and injurious effect' on the verdict." Dillard v. Roe, 244 F.3d 758, 767 n.7 (9th Cir. 2001) (quoting Brecht, 507 U.S. at 623). In cases of reliability of testimonial statements, "the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." Crawford v. Washington, 541 U.S.

14

36, 68 (2004).

Although Petitioner was not afforded the right to confront Carla in her original interviews in June, July and August 2006, Petitioner was able to confront Carla when she testified at trial. Petitioner actually did confront Carla, as he cross-examined her. (Reporter's Transcript, ECF No. 13-9 at 64:6-97:7.) Petitioner was also able to coss-examine the social worker who conducted the videotaped interview of Carla. (Reporter's Transcript, ECF No. 13-10 at 26:26-54:16.)

Petitioner produces no evidence that Carla's videotape was unreliable. Furthermore, there is no indication that even if the admission of the videotape into evidence were error, it had a substantial and injurious effect on the verdict. See Brecht, 507 U.S. at 623. Accordingly, the Court DENIES the petition for writ of habeas corpus as to Ground Three C.

## C.    Request for Evidentiary Hearing

AEDPA prescribes the manner in which federal courts must approach the factual record and "substantially restricts the district court's discretion to grant an evidentiary hearing." Baja v. Ducharme, 187 F.3d 1075, 1077 (9th Cir. 1999). Evidentiary hearings associated with federal habeas proceedings deciding state prisoner's constitutional claims are prohibited unless the "stringent requirements" of 28 U.S.C. § 2254(e)(2) are satisfied. Williams v. Taylor, 529 U.S. 420, 437 (2000); Cullen, 131 S.Ct at 1400-01 ("Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing."). That section provides that "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings," no evidentiary hearing on the claim will be held in federal court unless the petitioner shows that "the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or the claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence," and that "the facts

15

underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). Petitioner makes no such demonstration.

"If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." Cullen, 131 S.Ct. at 1400. If a claim subject to 28 U.S.C. § 2254(d)(1) "does not satisfy that statutory requirement, it is "unnecessary to reach the question whether § 2254(e)(2) would permit a [federal] hearing on th[at] claim." Id. (quoting Williams, 529 U.S. at 444). For the reasons discussed herein, the Court finds that none of Petitioner's claims warrants federal habeas relief under 28 U.S.C. § 2254(d)(1). By its terms, 28 U.S.C. § 2254(d)(2) restricts federal habeas review to the state court record. Accordingly, Petitioner's request for an evidentiary hearing is DENIED.

**D.      Certificate of Appealability**

Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability "should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Based on the Court's review of the petition, the Court finds no issues are debatable among jurists of reason and that no jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See id.

1    Accordingly, a certificate of appealability is DENIED as to the claims in the petition.

2                                              **Conclusion**

3            For the reasons set forth above, IT IS HEREBY ORDERED that the Court

4    **ADOPTS** the report and recommendation of the Magistrate Judge in its entirety and

5    **DENIES** the petition for writ of habeas corpus. The Court also **DENIES** a certificate

6    of appealability.

7            IT IS SO ORDERED.

8

9    DATED:  November 19, 2013

10

11                                              HON. GONZALO P. CURIEL
                                                United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                              17